**Robert DICKEY, Appellant-Movant,**

v.

**Rod W. BAGBY, Appellee-Respondent.**

Court of Appeals of Kentucky.

Nov. 3, 1978.

Paul J. Vesper, Covington, for appellant-movant.

F. Bernie Beck, Fort Mitchell, William I. Bubenzer, Covington, for appellee-respondent.

Before GANT, COOPER and HOWARD, JJ.

## OPINION AND ORDER

GANT, Judge.

This action was brought pursuant to KRS 118.176 to determine the eligibility of the appellee for candidacy to the office of Kenton County Board of Education. The sole issue presented is his qualification under KRS 160.180(1)(b), which states, in pertinent part:

1. No person shall be eligible to membership on a board of education:

(b) Unless he has been a citizen of Kentucky for at least three (3) years preceding his election  .   .   .

Thus, the definition of the word "citizen" is thrust upon the Court in a case of first impression.

The facts of this case are undisputed. The appellee was born in Gallatin County, Kentucky, and moved with his family to Kenton County, Kentucky, a short time later. He graduated from high school there in Covington in 1954 and from Western Kentucky University in 1959. He was married in Kentucky and taught school in the Louisville area until he was accepted by the United States Secret Service in 1964. In 1965, appellee was assigned to the White House and lived in Maryland, being reassigned to the Louisville office in 1967. He was again assigned to the White House in 1974, moving to Fairfax, Virginia, where he purchased a house and paid taxes. However, the evidence from the appellee and his immediate superior discloses that this latter assignment was involuntary, that appellee at every opportunity sought transfer back to Kentucky, and that three times the appellee declined promotions which would have caused him to leave Kentucky or preclude his return.

In July, 1976, appellee was assigned to the Cincinnati office, purchasing a house in

Kenton County, Kentucky, filing for this office in 1978. The evidence further disclosed that the appellee returned from assignment in Washington, D.C., in order to write his will in Kentucky, had purchased a burial plot in Kentucky for himself and his family, and had always expressed a desire to be buried there.

Citizenship, domicile, and residence are three different things. This has been touched upon in the case of *Wheeler v. Burgess,* 263 Ky. 693, 93 S.W.2d 351 (1936). The distinctions become important in cases relating to taxes, attachments, jurisdiction, venue, probate, voter registration, etc. See cases cited in *Wheeler, supra,* and in *Moore v. Tiller,* Ky., 409 S.W.2d 813 (1966). In the case of *Newcomb v. Newcomb,* 108 Ky. 582, 57 S.W.2d (1900), the court held that a decedent was a resident of France, domiciled in Henderson, Kentucky, and a citizen of Great Britain. An interesting history of "citizen" may be found in the case of *Amy (a woman of colour) v. Smith,* 11 Ky.Rep. (1 Littell) 326 (1822), as it related to the rights of slaves and females.

KRS 2.010 sheds some light upon our problem. It provides a method of relinquishment of citizenship in this state but refers not to acquisition. Two elements become apparent, however, in reading this statute. First, that Kentucky has some desire to retain its connection with its natives and second, and most important, that one element of relinquishment is "depart[ure] out of this state with the intention, in good faith, to remain absent therefrom . .."

■ The closest parallel is between the words citizen and domicile. The case of *Delaware, L. & W. R. Co. v. Petrowsky,* 250 F. 554 (CCA 2d Cir. 1918), sets this out when it states: "The term 'citizen' . . is substantially synonymous with the term 'domicile.'" While this case referred primarily to jurisdiction because of diversity of citizenship, we think that this is a fair statement of the law. If these terms are synonymous, which we hold, the law must be as set out in *Wheeler v. Burgess, supra.* To paraphrase the holding of that case, a person must be a citizen of some locale. He may have many residences but in the absence of showing an intention of abandoning his Kentucky citizenship, his state of origin, he will be deemed a Kentucky citizen for the purpose of qualifying for office in that state.

■ It is our opinion that the appellee was and is a "citizen" of this state as required in KRS 118.176. Born and raised here, his every act manifested his intent to remain a citizen of this state, not merely to return here. His temporary and involuntary absences from Kentucky did not serve to terminate his standing as a citizen.

KRS 118.176(3) states: "[In] any action or proceeding under this section the burden of proof as to the bona fides of a candidate shall be on the person challenging the bona fides of a candidate." The case law herein cited is that the person asserting that a change has taken place has the burden of proof. The lower court felt that the appellant-movant had not met this burden. We agree. Accordingly, the motion to set aside the order of the lower court is DENIED.

All concur.